UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TAJUAN HOLLOMAN,** )<br>)<br>   **Plaintiffs,** )<br>)<br>   v. )<br>)<br>**HAROLD CLARKE, et al.,** )<br>)<br>   **Defendants.** ) | **CIVIL ACTION No.<br>14-12594-NMG** |

### MEMORANDUM AND ORDER

**GORTON, J.**

For the reasons stated below, the Court grants plaintiff's motion for enlargement of time; denies plaintiff's motion for subpoena, and grants, in part, defendants' motion for stay.

**A. Background**

Plaintiff Tajuan Holloman is a Massachusetts state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. See Docket. On April 16, 2015, the clerk issued summons for service of eleven[1] (11) defendants and directed plaintiff to show cause why his claims against the remaining fifteen[2] (15) defendants should not be dismissed.

---

[1] (1) Aaron Gill, SBCC Sargent correctional officer; (2) defendant Ferrarra, SBCC Lieutenant correctional officer; (3) Frank Maine, SBCC correctional officer; (4) Anthony Mendonsa, Superintendent and former Deputy Superintendent at the Souza Baranowski Correctional Center ("SBCC"); (5) Luis Spencer, Commissioner of Correction; (6) Pamela O'Dell, SBCC grievance coordinator; (7) Bruce Gelb, former Superintendent of MCI Concord; (8) Kristie Ladouceur, DOC Administrative Resolutions Coordinator; (9) Amy Owens, SBCC Treasurer; (10) Thomas Fedel, SBCC disciplinary officer; and (11) Jeffrey P. Diagneault, SBCC correctional officer.

[2] (1) David Deakin, Assistant District Attorney for Suffolk County; (2) Harold Clarke, former Commissioner of the Massachusetts

Since that time, plaintiff was granted several extensions, including until September 24, 2015 to show cause why the claims against the remaining fifteen defendants should not be dismissed. See Docket Nos. 39, 41.  Now before the court is yet another request for enlargement of time to show cause why the claims against the remaining fifteen defendants should not be dismissed. See Docket No. 47.  Also pending is plaintiff's motion for subpoena to obtain the full name of defendant Ferrarra.  See Docket No. 36.

By Order dated September 18, 2015, defendants' attorney was directed to file on or before October 1, 2015, a responsive pleading on behalf of all defendants he represents.  In response to that Order, counsel on behalf of defendants Daigneault, Ferrara, Gelb, Gill, Maine and Owens moved to stay the case until such time as the Court completes preliminary screening of the case.  See Docket No. 46.  On September 29, 2015, counsel for defendants Mendosa, Spencer, O'Dell, Ladouceur and Fedel moved to dismiss for lack of service.  See Docket No. 48.

---

Department of Correction; (3)  James Bender, former Deputy Commissioner; (4) Lois Russo, former Deputy Superintendent of Operations at MCI Concord; (5)John Brodbeck, former Director of Security at MCI Concord; (6) Jorma Maenpaa, former Director of Security at MCI Concord; (7) James C. Thornton, SBCC superior supervisor; (8) Gregory A. Bedard, SBCC lieutenant with disciplinary office; (9) Shelley Williams, SBCC captain and shift commander; (10) Sargent Fasoli, SBCC correctional officer; (11) Thomas Tocci, SBCC grievance coordinator; (12) Nick Palodian, SBCC mail clerk; (13) defendant MacDonald, SBCC Deputy of Security; (14) Michael Rodrigues, SBCC Deputy Superintendent of Operations; and (15) defendant Wendover, SBCC correctional officer.

**B. Discussion**

Although pro se litigants are entitled to a liberal construction of their pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), a party's pro se status does not insulate that party from complying with substantive and procedural law. Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997).  Here, three days before his show cause response was due, plaintiff filed his request for a ten-day enlargement of time to respond to the Court's April 15, 2015 Memorandum and Order.  See Docket No. 47. Plaintiff explains that he has limited access to the prison law library because it has been closed for upgrade repairs and cleaning.  Id.

The Court recognizes that Plaintiff has already been granted extensions of time in May, July and August.  See Docket Nos. 19, 29, 39.  The Court reluctantly grants plaintiff's motion and the show cause reply is due on or before October 9, 2015.  No further extensions will be granted.

**C. Conclusion**

Accordingly, it is hereby ORDERED that:

(1) Plaintiff's Motion (No. 36) for Subpoena is denied because counsel has filed a motion on behalf of defendant Ferrara.

(2) Plaintiff's Motion (Docket No. 47) for Extension of Time is granted.  Plaintiff's show cause reply is due on or before October 9, 2015.

(3) Defendants' Motion (No. 46) to Stay is granted to the extent that defendants' counsel has until October 30,

3

>2015, to file a responsive pleading on behalf of all
>defendants he represents, regardless of what plaintiff
>may, or may not, file.

**So ordered.**

>/s/ Nathaniel M. Groton
>Nathaniel M. Gorton
>United States District Judge

Dated October 1, 2015