UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TAJUAN HOLLOMAN,** )<br>)<br>Plaintiffs,   )<br>)<br>v.               )<br>)<br>**HAROLD CLARKE, et al.,** )<br>)<br>Defendants.  ) | CIVIL ACTION No.<br>14-12594-NMG |

### MEMORANDUM AND ORDER

**GORTON, J.**

## I.  Background

On June 9, 2014, *pro se* prisoner plaintiff Tajuan Holloman ("Holloman") filed this civil action against 26 correctional officials and prison employees pursuant to, *inter alia*, 42 U.S.C. § 1983.  The Complaint primarily recounted events in connection with his 2010 transfer from the Suffolk County Jail to MCI Concord while Holloman was a pretrial detainee.  The Complaint also made claims in connection with later events occurring at the Souza Baranowski Correctional Center ("SBCC") from 2010 through 2013.

On April 15, 2015, Judge Woodlock issued a Memorandum and Order (Docket No. 15) directing the issuance of summonses for service on 11 of the defendants.[1]  The Memorandum and Order also

---

[1]These defendants included: 1) Aaron Gill ("Gill"), SBCC Sargent correctional officer; 2) defendant Ferrarra ("Ferrera"), SBCC Lieutenant correctional officer; 3) Frank Maine ("Maine"), SBCC correctional officer; 4) Anthony Mendonsa ("Mendosa"), Superintendent and former Deputy Superintendent at SBCC; 5) Luis Spencer ("Spencer"), Commissioner of Correction; 6) Pamela O'Dell ("O'Dell"), SBCC grievance coordinator; 7) Bruce Gelb ("Gelb"),

directed Holloman to show cause within 42 days why his claims against the remaining 15 defendants should not be dismissed.[2] Specifically, Judge Woodlock concluded that for purposes of preliminary screening of the Complaint, Holloman had sufficiently alleged plausible claims for excessive force, failure to intervene, retaliation and denial of due process.[3]  Id. at 12. In light of this, the Court permitted summonses to issue as to defendants Gill, Ferrarra, Maine, Diagneault (as to the retaliation claim only), Mendonsa, Spencer, O'Dell, Gelb, Ladouceur, Owens and Fedel.

---

former Superintendent of MCI Concord; 8) Kristie Ladouceur ("Ladoucer"), DOC Administrative Resolutions Coordinator; 9) Amy Owens ("Owens"), SBCC Treasurer; 10) Thomas Fedel ("Fedel"), SBCC disciplinary officer; and 11) Jeffrey P. Diagneault ("Daigneault"), SBCC correctional officer.

[2]These defendants included: 1) David Deakin ("Deakin"), Assistant District Attorney for Suffolk County; 2) Harold Clarke ("Clarke"), former Commissioner of the Massachusetts Department of Correction; 3) James Bender ("Bender"), former Deputy Commissioner; 4) Lois Russo ("Russo"), former Deputy Superintendent of Operations at MCI Concord; 5) John Brodbeck ("Brodbeck"), former Director of Security at MCI Concord; 6) Jorma Maenpaa ("Maenpaa"), former Director of Security at MCI Concord; 7) James C. Thornton ("Thornton"), SBCC superior supervisor; 8) Gregory A. Bedard ("Bedard"), SBCC lieutenant with the disciplinary office; (9) Shelley Williams ("Williams"), SBCC captain and shift commander; (10) Sargent Fasoli ("Fasoli"), SBCC correctional officer; (11) Thomas Tocci ("Tocci"), SBCC grievance coordinator; (12) Nick Palodian ("Palodian") SBCC mail clerk; (13) Mr. MacDonald ("MacDonald"), SBCC Deputy of Security;(14) Michael Rodrigues ("Rodrigues"), SBCC Deputy Superintendent of Operations; and (15) Mr. Wendover ("Wendover"), SBCC correctional officer.

[3]Judge Woodlock's Memorandum and Order contained a comprehensive summary of Holloman's allegations, which are incorporated herein by reference.

2

With respect to the remaining defendants (Deakin, Clarke, Bender, Russo, Brodbeck, Maenpaa, Thornton, Bedard, Williams, Fasoli, Tocci, Palodian, MacDonald, Rodrigues and Wendover), however, Judge Woodlock preliminarily determined that Holloman failed to state plausible claims for a number of reasons.

As an initial matter, the statute of limitations for § 1983 claims appeared to bar Holloman's claims concerning his transfer from the Suffolk County Jail to MCI Concord, as well as his claims concerning his transfer to SBCC and his first double-bunking assignment in 2010.  Because Holloman filed the instant action more than three years after he knew or had reason to know of the alleged wrongful acts at the time they occurred, his claims against defendants Deakin, Clarke, Bender, Russo, Brodbeck and Maenpaa were subject to dismissal as time-barred.

Next, Judge Woodlock concluded that Holloman's challenges to Mass. Gen. Laws ch. 276, § 52A, which provides for the transfer of a pretrial detainee from a county jail to a state correctional institution if he previously has been incarcerated in such an institution under sentence for a felony, were untimely and failed to state a plausible claim.  Memorandum and Order (Docket No. 15 at 15).

Further, with respect to Holloman's claims as to defendants Palodian, Tocci, Diagneault, Fasoli, MacDonald, Rodrigues and Wendover stemming from problems with his legal mail in the Fall

of 2011 and February 2013,[4] the Court found that Holloman's

> allegations are plainly inadequate to state a viable access to the courts claim, as he fails to specify any actual injury to a nonfrivolous legal action caused by any of the defendants.

Memorandum and Order (Docket No. 15 at 17).  As an additional matter, Holloman's allegation that defendant Diagneault made derogatory (racist) statements to him did not rise to the level of cruel and unusual punishment.  Id. (citing cases).

Finally, with respect to claims against defendants Thornton, Bedard and Williams, Judge Woodlock concluded that Holloman failed to state plausible claims upon which relief may be granted in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because there were no factual assertions concerning the defendants' conduct and because the Complaint failed to link clearly specific factual allegations of wrongdoing.

On June 9, 2015, this action was reassigned to this Court because Judge Woodlock took senior status.  See Notice of Reassignment (Docket No. 25).  Since the reassignment, this Court has granted Holloman a number of extensions of time to file his

---

[4]These alleged incidents include: 1) the refusal to mail Holloman's letters to his CPCS-subcontracted lawyer on the grounds that the letters did not constitute legal mail; 2) the refusal to deliver mail timely due to race and religious discrimination and in retaliation; and 3) the confiscation of legal mail because it contained stamps, despite Holloman's production of a copy of a court order authorizing him to have stamps.

show cause response, denied his request for a subpoena, and granted, in part, defendants' Motion to Stay pending the Court's conclusion of the preliminary screening/review of the show cause response, which, by extension, was due on October 9, 2015.

Additionally, this Court denied Holloman's Motion for a Default Judgment and Motion for Reconsideration but directed defense counsel, Attorney Glazer, to file a responsive pleading on behalf of all defendants he represented, by October 1, 2015. This Court noted that if Attorney Glazer did not represent all defendants, or if he defaulted in such filing, it would reconsider Holloman's motion.  See Endorsed Order (Docket No. 44) (entered September 18, 2015).

On September 29, 2015, Attorney Glazer, as counsel for defendants Fedel, Ladouceur, Mendosa, O'Dell and Spencer filed a Motion to Dismiss for Lack of Service (Docket No. 48). Thereafter, Holloman filed his show cause response (Docket No. 51).  A week later, defendants Daigneault, Ferrara, Gelb, Gill, Maine and Owens filed a Motion to Dismiss for failure to state a claim (Docket No. 52) and a Memorandum in Support (Docket Nos. 54 and 57 (duplicative entries)).

On November 12, 2015, this Court granted Holloman until February 26, 2016 to file a response to the defendants' Motion to Dismiss for failure to state a claim.

**II. Discussion**

    A.   <u>The Show Cause Response</u>

        1.   <u>The Statute of Limitations Issue</u>
            (claims against defendants Deakin, Clarke, Bender, Russo, Brodbeck and Maenpaa)

Holloman argues that the claims against the defendants Deakin, Clarke, Bender, Russo, Brodbeck and Maenpaa should not be dismissed as time-barred based on equitable tolling principles. Specifically, he contends that as a prisoner, he was obligated to exhaust his administrative remedies before filing suit but due to the restrictive conditions under which he was being held, he was unable to file a formal grievance properly, although he made good faith attempts to do so. Moreover, he contends that he had a mental health crisis (depression and distress) rendering him unable to engage in rational thought or decision-making while he was detained at SBCC.

The Court finds that Holloman's allegations are sufficient to permit this action to proceed at this time; however, no final determination is made as to whether equitable tolling is warranted in this case. The defendants will be afforded an opportunity to address this issue in a reply to Holloman's Opposition to the Motion to Dismiss. Accordingly, this action will proceed as to defendants Deakin, Clarke, Bender, Russo, Brodbeck and Maenpaa, subject to the parameters set forth below.

      2. The Rule 8 Pleading Issues
(claims against defendants Clarke, Bender, Deakin, MacDonald, Rodrigues, Bedard, Thornton and Williams)

Holloman next argues that he has asserted the minimum allegations required to meet the pleading standards under Rule 8. He further asserts that the defendants (Clarke, Bender and Deakin) knew or should have known that his constitutional rights as a pretrial detainee (to be free from punishment) were violated. He again challenges Mass. Gen. Laws ch. 276, § 52A, citing to Article 12 of the Massachusetts Declaration of Rights. He also argues that MCI Concord and SBCC are state correctional institutions that carry the “character of infamy.” Show Cause Response (Docket No. 51 at 6)(citing cases). Thus, he claims that as a pretrial detainee he should never have been transferred from a county jail to a state prison.

Additionally, Holloman contends that, with respect to defendants MacDonald and Rodrigues, his claims should not be dismissed because these defendants acted with deliberate indifference to his right to be free from punishment as a pretrial detainee. With respect to defendants Bedard, Thornton and Williams, Holloman alleges these defendants violated his rights to due process and maintains that he has alleged all that he is required to do under Rule 8.

Next, with respect to defendants Thornton and Williams, Holloman asserts that Thornton was a supervisor and Williams was

a captain and shift commander. He contends that they were notified by a subordinate officer of a serious security matter concerning his custody, and, once notified, they were bound to follow protocol and take appropriate action. He further claims that they took no action but later signed off on defendant Daigneault's disciplinary report. With respect to defendant Bedard, Holloman contends that he failed to investigate the matters contained in the disciplinary report even though he knew there was a serious security concern.

Notwithstanding these contentions, Holloman again makes a bare allegation that the defendants knew or should have known that he should not have been held in a state prison under restrictive conditions amounting to punishment. Although Holloman does not provide any factual underpinnings as to the wrongful conduct or lack of proper conduct of each of the defendants and although he has asserted his claims collectively against the defendants, the Court will permit the claims to proceed against defendants MacDonald, Rodrigues, Bedard, Thornton and Williams (as well as Clarke, Bender and Deakin, see supra at para. II. A (1)) subject to the parameters set forth below. The defendants may file a Motion for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, or some other motion, if appropriate.

### 3. The Legal Mail Issues/Access to the Court
(claims against defendants Palodian, Tocci, Wendover)

With respect to defendant Palodian, a mail room clerk at SBCC, Holloman argues that his claim should not be dismissed because Palodian's refusal and denial of mail frustrated and impeded his right to effective assistance of counsel, which, in turn, led to inadequate representation and subjection to a plea conviction. He contends that his legal papers did not get mailed to his attorney so they could be filed with, and argued before, the trial court.

Next, with respect to defendant Tocci, the SBCC grievance coordinator, Holloman contends that he violated the Code of Massachusetts Regulations when he did not answer or respond to his grievance within the ten-day time limit regulation. He claims by doing this, he also frustrated and impeded plaintiff's right to effective assistance of counsel.

Finally, with respect to defendant Wendover, an SBCC Correctional Officer, Holloman argues that by confiscating his stamps for legal mail, Wendover caused him harm and did frustrate and impede his right to effective assistance of counsel and caused him to be subject to a plea conviction.

The Court finds that Holloman's allegations that the defendants' conduct caused him to have ineffective assistance of counsel and to enter into a plea are too tenuous and speculative to demonstrate that he suffered an "actual injury." Although

9

Holloman uses the "frustrated" and "impeded" language from the Supreme Court's decision in Lewis v. Casey, 518 U.S. 343, 353 (1996), this is not sufficient to convince this Court that, under the facts alleged here, the conduct of these defendants caused an "actual injury" to Holloman, particularly where the subsequent conduct of his counsel is challenged.  Moreover, Holloman does not contend that he never had any opportunities (at the plea hearing or otherwise) to bring to the Court's attention or his counsel's attention the fact that he had papers he wished to submit.  Further, the United States Court of Appeals has considered that the right to access the courts "is narrow in scope."  Boivin v. Black, 225 F.3d 36, 42 (1st Cir. 2000).[5]  Holloman's arguments (*i.e.*, that prison employees' conduct caused him to have ineffective assistance of counsel which then led to his criminal conviction by a plea bargain) stretches the meaning of "actual injury" too far.

In light of this, the claims against Palodian, Tocci and Wendover based on problems with his legal mail are DISMISSED.

B.   Claims Permitted to Proceed at This Time

To clarify, in light of the above, this Court will permit Holloman's claims against defendants Deakin, Clarke, Bender,

---

[5]Holloman states that he is not asserting access to the court claims with respect to defendants Fasoli, MacDonald or Rodrigues.  Rather, they are alleged to have denied him due process (presumably based on his conditions of confinement at SBCC).

Russo, Brodbeck, Maenpaa, MacDonald, Fasoli, Rodrigues, Bedard, Thornton and Williams to proceed.  Within 14 days of the date of this Memorandum and Order, Attorney Glazer shall advise this Court in writing whether he will accept service of process on behalf of all or some of these defendants, or waive service.  Should Attorney Glazer advise of any defendant he does not represent or for whom he will not accept or waive service, the Clerk shall issue a summons as to any unrepresented defendant or any defendant for whom service by the plaintiff is required.

Further, since Holloman is proceeding *in forma pauperis*, he may elect to have service of process made by the United States Marshal Service, subject to the parameters set forth below.

    C.    <u>Dismissal of Claims *Sua Sponte*</u>

Again, to clarify, in light of the above, all claims with respect to legal mail/denial of access to the courts that are asserted against defendants Palodian, Tocci and Wendover are <u>DISMISSED</u> for failure to demonstrate good cause why the claims should not be dismissed and for the substantive reasons set forth in the prior Memorandum and Order (Docket No. 15) and this Memorandum and Order.  Further, because Holloman has represented he is not pursuing such claims against defendants MacDonald, Rodrigues and Fasoli, all claims against those defendants based on denial of access to the courts are <u>DISMISSED</u> to the extent there were any.

11

    D.    <u>The Motion to Dismiss For Lack of Service</u>

In light of the rulings contained herein, the defendants' Motion to Dismiss (Docket No. 48) now is ripe for ruling. Defendants Mendosa, Spencer, O'Dell, Ladouceur and Fedel have moved to dismiss this action on the grounds that summonses were issued on April 16, 2015 and more than 120 days have passed without service of process. Holloman filed an Opposition (Docket No. 55) in which he claims that he realized the United States Marshal Service could not effect service of process for him because the defendants were no longer at their last known business address. As a result, on May 22, 2015, he filed a Motion to Serve the defendants by publication (Docket No. 21), which this Court denied by Electronic Order (Docket No. 26). He contends that he was not aware of this Court's ruling and never received a copy until August 31, 2015 after he requested one. He supports this contention by noting that in his Motion for Reconsideration for a Default Judgment (Docket No. 43 at 2) he pointed out that he was not aware of the Court's ruling.

Next, Holloman cites to <u>Baez</u> v. <u>Connelly</u>, 478 Fed. Appx. 674 (2012) for the proposition that if the United States Marshal Service is unable to serve, it could have requested to have an address for the [unserved] defendants from the prison administration, or inquired about an authorized agent to accept service. Further, Holloman argues that he has shown good cause

for failing to effect timely service because the United States Marshal Service failed to fulfill its obligations.  Opposition (Docket No. 55 at 5) citing Laurence v. Wall, 551 F.3d 92, 94 (1st Cir. 2008).

This Court agrees with Holloman and finds that he has acted in good faith and has made attempts to serve process, yet, through no fault of his own, has been unable to do so.  Further, in light of the current posture of this case, the Court finds no undue prejudice to the defendants by permitting additional time for service.

Accordingly, the defendants' Motion to Dismiss for Lack of Service (Docket No. 48) is DENIED.  In order to resolve the service issues with respect to these defendants, the parameters for service are set forth below.

    E.   The Motion to Dismiss for Failure to State a Claim

Defendants Gill, Ferrara, Maine, Gelb, Owens and Daigneault move to dismiss the claims based on excessive force, failure to intervene, retaliation, and denial of due process claims. Further, these defendants contend that, if the Court denies the Motion to Dismiss for Lack of Service (Docket No. 48), this Motion to Dismiss for Failure to State a Claim applies to those defendants as well and request that this Court apply the current Motion to Dismiss to the claims against them.  Memorandum in Support (Docket No. 57 at 2, n.1).

13

In light of the rulings made herein, and in view of the fact that Holloman's Opposition to the Motion to Dismiss is not due until February 26, 2016, this Court will RESERVE ruling pending review of the Opposition. Moreover, the Court construes the Motion to Dismiss as applying only to Defendants Gill, Ferrara, Maine, Gelb, Owens and Daigneault; should any of the other defendants in this action seek to dismiss, they must file a separate motion(s) and Holloman will be afforded an opportunity to file an Opposition in due course.

**III. Conclusion**

Based on the foregoing, it is hereby Ordered that:

1) Defendants' Motion to Dismiss For Lack of Service (Docket No. 48), filed by defendants Mendosa, Spencer, O'Dell, Ladouceur and Fedel, is DENIED.

2) Service of Process Re: Defendants Mendosa, Spencer, O'Dell, Ladouceur, and Fedel

   A) Within 14 days of the date of this Memorandum and Order, Attorney Glazer shall advise the Court in writing whether he will accept or waive service on behalf of defendants Mendosa, Spencer, O'Dell, Ladouceur, and Fedel. If he does not agree to do so, he shall provide, only to the United States Marshal Service, the names and addresses of the defendants or any agent authorized to accept service on their behalf. This information shall not be docketed in this case or provided to the plaintiff. Upon compliance, Attorney Glazer shall submit a "Notice of Compliance" to be docketed in this action. If Attorney Glazer is unable to provide service information as directed, he shall so advise in the Notice of Compliance.

   B) Upon receipt of the Notice of Compliance (indicating whether or not service information was supplied as to Mendosa, Spencer, O'Dell, Ladouceur, and/or Fedel), the Clerk shall re-issue summonses and provide them to the

        United States Marshal Service with a copy of the Complaint.

    C)    Upon receipt of the service information, the United States Marshal Service shall effect service and advance the costs of service. Any return of service shall be filed under seal.

2)    <u>Service of Process Re Defendants: Deakin, Clarke, Bender, Russo, Brodbeck, Maenpaa, MacDonald, Fasoli, Rodrigues, Bedard, Thornton and Williams</u>

    A)    The Court will permit the claims against defendants Deakin, Clarke, Bender, Russo, Brodbeck, Maenpaa, MacDonald, Fasoli, Rodrigues, Bedard, Thornton and Williams to proceed.

    B)    Within 14 days of the date of this Memorandum and Order, Attorney Glazer shall advise the Court in writing whether he will accept or waive service on behalf of the defendants.

    C)    With respect to any defendant for whom service of process has not been accepted or waived, the clerk shall issue summonses and send plaintiff the summonses, a copy of the Complaint, this Memorandum and Order, and the standard forms and instructions for the plaintiff to arrange for service.[6]

    D)    Upon receipt of the service information, the United States Marshal Service shall effect service and advance the costs of service.

    E)    Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Memorandum and Order to complete service.

3)    Defendants' Motion to Dismiss for Failure to State a Claim (Docket No. 52) filed by defendants Daigneault, Ferrara,

---

[6]Should the United States Marshal Service be unable to effect service on these defendants, the Court will consider entering a similar Order directing disclosure of the names and addresses of the defendants or authorized agents. At this juncture, however, it is the plaintiff's responsibility to provide the United States Marshal Service with all necessary information and paperwork to effect service.

15

        Gelb, Gill, Maine and Owens, is <u>RESERVED</u> pending receipt and review of plaintiff's Opposition, due February 26, 2015. Defendants' reply is due 14 days thereafter.

4)   Plaintiff's claims in connection with interference with legal mail/denial of access to the courts against defendants Palodian, Tocci and Wendover are <u>DISMISSED</u> *sua sponte* for failure of plaintiff to demonstrate good cause why the claims should not be dismissed and for the substantive reasons set forth in the Memorandum and Order (Docket No. 15) and this Memorandum and Order. Defendants Palodian, Tocci and Wendover shall be terminated as parties on the docket.[7]

**So ordered.**

                                          <u>/s/ Nathaniel M. Gorton</u>
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated: January 15, 2016

---

[7] This dismissal is not intended to constitute a separate and final judgment.