United States District Court
District of Massachusetts

```
_____
                                   )
TAJUAN HOLLOMAN,                   )
                                   )
          Plaintiff,               )
                                   )
          v.                       )     Civil Action No.
                                   )     14-12594-NMG
HARDOLD CLARKE, et al.,            )
                                   )
          Defendants.              )
_____ )
```

**MEMORANDUM & ORDER**

GORTON, J.

This case involves claims brought under 42 U.S.C. § 1983 by plaintiff Tajuan Holloman ("Holloman") against 26 defendants. Pending before the Court is the joint motion of six of the defendants to dismiss the complaint for failure to state claims upon which relief can be granted. For the reasons that follow, the motion will be allowed, in part, and denied, in part.

I.  **Background**

Holloman is an inmate currently incarcerated in the Massachusetts Correctional Institution in Shirley, Massachusetts.  Holloman's claims arise mostly from events that occurred while he was a pretrial detainee having been transferred from the Suffolk County Jail to the Massachusetts Correctional Institution at Concord ("MCI-Concord").  Holloman has also made claims relating to later events, which occurred

while he was detained at the Souza Baranowski Correctional Center ("SBCC").

After his preliminary screening of the case, United States District Judge Douglas P. Woodlock of this Court issued a memorandum and order (Docket No. 15) directing the issuance of summons for service upon 11 of the defendants, including the six defendants moving to dismiss here.  In doing so, Judge Woodlock found that, for purposes of a preliminary screening, Holloman had stated claims for excessive force, failure to intervene, retaliation and denial of due process.  Judge Woodlock also directed Holloman to show cause why his claims against the other 15 defendants should not be dismissed.  After Judge Woodlock took senior status, the action was reassigned to this session on June 9, 2015.

This Court has granted Holloman several extensions of time to file his show cause response, denied his request for a subpoena, granted, in part, defendants' motion to stay the proceedings and denied plaintiff's motions for default judgment and reconsideration.

In January, 2016, this Court issued a memorandum and order allowing Holloman to proceed against defendants David Deakin, Harold Clarke, James Bender, Lois Russo, John Brodbeck and Jorma Maenpaa.  It also allowed the action to proceed against defendants Brian McDonald ("MacDonald"), Sergeant Fasoli,

Michael Rodrigues, Gregory Bedard, James Thornton and Shelley Williams and denied the motions of defendants Anthony Mendosa, Luis Spencer, Pamela O'Dell, Kristie Ladouceur and Thomas Fedel to dismiss for lack of service.  Holloman's claims against Nick Palodian, Thomas Tocci and f/n/u Wendover relating to interference with legal mail and denial of access to the courts were dismissed <u>sua</u> <u>sponte</u> because Holloman failed to show good cause why the claims should not be dismissed.

Six of the defendants, namely, Aaron Gill, Lieutenant Ferrarra, Frank Maine, Bruce Gelb, Amy Owens and Jeffrey Daigneault, filed a joint motion to dismiss in October, 2015. That motion is the subject matter of this memorandum.

## II.  **Motion to Dismiss**

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 667 (2009) (quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Ocasio-Hernandez</u> v. <u>Fortuno-Burset</u>, 640 F.3d

1, 12 (1st Cir. 2011).  A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable.  Id.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw.  Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice.  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B. Analysis**

### 1.   Claims Against Gill, Ferrarra and Maine for Excessive Force

Holloman alleges that defendant Gill ordered his team to beat Holloman while he was in handcuffs and that Gill participated in the alleged beating by kneeing Holloman in the groin multiple times.  Holloman then asserts he was dragged to the booking area for transportation and that Ferrarra and Maine watched Gill and his team beat Holloman without intervening. Holloman contends that those actions (and failures to act) violated his due process rights under the Fourteenth Amendment and his Eighth Amendment right to be free from cruel and unusual punishment.

Gill, Ferrara and Maine respond that any use of force against the plaintiff was constitutionally "de minimis" and does not give rise to a claim for excessive force.

At the time of the alleged incidents, Holloman was a pretrial detainee, so the Fourteenth Amendment's Due Process Clause governs Holloman's claims for excessive force. See Miranda-Rivera v. Toledo-Davila, 813 F.3d 64, 70 (1st Cir. 2016) (citing Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473-74 (2015)).  To establish a claim for excessive force, the plaintiff must show that the defendant "purposely or knowingly used [force] against him[, which] was objectively unreasonable." Kingsley, 135 S. Ct. at 2473.

If Holloman's allegations are true, as presumed for the purpose of the pending motion, a factfinder could plausibly infer Gill's actions were objectively unreasonable.  Therefore Holloman has properly stated a claim for excessive force against Gill.

Holloman also has stated a claim against defendants Ferrara and Maine for failing to intervene.  Officers can be held liable for failing to intervene to protect pretrial detainees from the use of excessive force by other officers. Miranda-Rivera, 813 F.3d at 73.  Holloman does not suggest that Ferrara and Maine participated in the alleged use of excessive force.  Instead, Holloman alleges that Ferrara and Maine

watched while Gill beat him and did nothing to stop Gill.  Thus,
Ferrarra and Maine could be found liable for failing to
intervene.  See id.  Because Holloman has sufficiently stated a
claim against Gill for excessive force, he has also stated a
claim against Ferrarra and Maine for failing to intervene.  Cf.
id. (denying summary judgment on a failure to intervene claim
because summary judgment was also denied on the excessive force
claim).

    Ferrarra and Maine contend they are entitled to qualified
immunity.  In determining whether Ferrarra and Maine are
entitled to qualified immunity, this Court must consider whether
Holloman has alleged a violation of a constitutional right and
whether that right was "clearly established" at the time of
Ferrarra and Maine's alleged misconduct.  See id. at 72.

    First, as concluded above, Holloman has sufficiently
alleged a violation of his Fourteenth Amendment constitutional
rights.

    Second, cases before 2012, when the conduct here allegedly
occurred, clearly establish that an officer has a duty to
intervene when another officer uses excessive force against a
pretrial detainee.  See Davis v. Rennie, 264 F.3d 86, 113-14 (1st
Cir. 2001).  Even though the Supreme Court held in 2015 that the
Fourteenth Amendment objective standard applies to pretrial
detainees in excessive force cases, both the Fourteenth

-6-

Amendment and the standard for failure to intervene turn on the reasonableness of the circumstances. As a result, the standard was clearly established in 2012. Cf. id. at 102 (concluding it was not plain error not to instruct the jury specifically on "objective reasonableness" for the failure to intervene because of the objective components of such a claim).

Because Holloman has alleged a constitutional violation that was clearly established at the time of the alleged conduct of Ferrarra and Maine, they are not entitled to qualified immunity.

### 2. Claim Against Owens for Denial of Meaningful Access to the Courts

Holloman claims that defendant Owens denied him meaningful access to the courts in violation of the First and Sixth Amendments. Owens responds that Holloman's claim fails because he did not allege any specific harm.

Inmates have a constitutional right of access to the courts, and indigent inmates have a right to free postage for certain legal documents. See Bounds v. Smith, 430 U.S. 817, 824–25 (1977). To state a constitutional claim for denial of access to the courts, the plaintiff must identify a policy or practice that denies inmates meaningful access to the courts and allege that the policy or practice hindered the plaintiff from pursuing a legal claim. See Lewis v. Casey, 518 U.S. 343, 350–51 (1996).

Holloman fails to state a claim against Owens because he does not allege any injury that resulted from the return of his mailings.  Holloman avers that Owens hindered his access to the court, his attorney and the prosecutor by rejecting his indigent mailing because he was not found indigent.  Holloman does not, however, allege an actual injury nor that the return of his mailings hindered his pursuit of a legal claim and, consequently, he does not state a claim for denial of access to the courts. See Gaskins v. Dickhaut, 881 F. Supp. 2d 223, 225 (D. Mass. 2012).

### 3.   Claim Against Daigneault for Retaliation

Holloman alleges that defendant Daigneault retaliated against him in violation of the First Amendment.  Holloman declares that Daigneault filed a false disciplinary report against him after he filed a grievance against Daigneault for alleged discriminatory comments made to Holloman.

To succeed in a First Amendment claim for retaliation, a plaintiff's conduct must be constitutionally protected and a substantial or motivating factor driving the claimed retaliatory action. See Air Sunshine, Inc. v. Carl, 663 F.3d 27, 35-36 (1st Cir. 2011).

Holloman's claims fail to meet that standard.  Holloman engaged in constitutionally protected activity when he filed a grievance against Daigneault. Hannon v. Beard 645 F.3d 45,

48(1st Cir. 2011).  He does not allege that Daigneault was aware of the grievance filed before the defendant filed a disciplinary report and thus the claim of retaliation lacks plausibility. Hannon v. Beard, 979 F. Supp. 2d 136, 140 (D. Mass. 2013).

Furthermore, to the extent Holloman is challenging the disciplinary proceedings against him, this Court is not the appropriate forum.  Massachusetts law requires claimants to bring challenges to disciplinary proceedings in state court. M.G.L. c. 249 § 4.

### 4.  Claims Against Gelb for Denial of Due Process

Holloman asserts due process claims against defendant Gelb in his roles as Superintendent of MCI-Concord and as Superintendent of the SBCC.

### a.  Claims Against Gelb as Superintendent at MCI-Concord

First, plaintiff claims that Gelb and others violated his Fourteenth Amendment Due Process rights by confining him to segregation and isolation at MCI-Concord as a pretrial detainee. Defendants reply that Holloman's claims are barred by the statute of limitations.

State statutes of limitations for personal injuries apply to § 1983 claims. Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998).  Massachusetts law provides for a three-year limitations period for such claims. M.C.L. c. 260,

§ 2A; McIntosh v. Antonio, 71 F.3d 29, 33 (1st Cir. 1995).
Holloman's segregation and isolation at MCI-Concord occurred
between December 3, 2010, and December 6, 2010, meaning that the
statute of limitations began to run on the latter date.  Because
Holloman did not file his lawsuit until 2014, his claims against
Gelb with respect to Gelb's conduct at MCI-Concord are time-
barred.

Holloman counters that the statute of limitations should be
equitably tolled because he was required to exhaust his state
administrative remedies and he suffered from depression and
distress, rendering him unable to file a claim sooner.
Defendants respond that Holloman had a sufficiently sound mind
and ample time to file a claim.

Equitable tolling is available only in "exceptional
circumstances." Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66,
71 (1st Cir. 2005).  The First Circuit Court of Appeals has not,
however, yet determined whether federal or state equitable
tolling principles apply. Id. at 71-72.  Here, equitable tolling
is inapplicable under either federal or state standards.

Under federal law, equitable tolling requires "excusable
ignorance of the statute of limitations caused by some
misconduct of the defendant." Benitez-Pons, 136 F.3d at 61.
Because Holloman did not claim ignorance of the limitations

period, he does not satisfy the federal requirements for equitable tolling. <u>See</u> <u>Vistamar</u>, 430 F.3d at 72.

Holloman's claim for equitable tolling under state law also fails.  Massachusetts law allows for equitable tolling when a

> prospective plaintiff did not have, and could not have had with due diligence, the information essential to bringing suit.

<u>Protective Life Ins. Co.</u> v. <u>Sullivan</u>, 425 Mass. 615, 631 (1997).

Holloman does not allege that he lacked the information necessary to bring a suit against Gelb for the time period between December 6, 2010, his last day at MCI-Concord, and June 9, 2011, three years before Holloman filed his complaint. Therefore, equitable tolling does not apply under state law.

Finally, Holloman asserts that the statute of limitations should be tolled while he was exhausting his administrative remedies.  Although several Courts of Appeals have extended tolling while plaintiffs exhausted their administrative remedies, no First Circuit authority supports tolling in such circumstances.  Furthermore, even if the limitations were tolled while Holloman exhausted his remedies, he failed to "sketch a factual predicate" providing a basis for tolling the statute of limitations. <u>Trans-Spec Truck Servs., Inc.</u> v. <u>Caterpillar Inc.</u>, 524 F.3d 315, 320 (1st Cir. 2008).  Holloman alleges in his complaint that he filed a grievance against Gelb in December, 2010, but the grievance was "ignored, rejected, and denied."

Holloman does not indicate how long it took for state officials to reject or deny his requests so the Court cannot determine the requested length of tolling.

Because Holloman has not met the standards for equitable tolling, his claims against Gelb arising from his incarceration at MCI-Concord are barred by the statute of limitations.

### b. Claims Against Gelb as Superintendent at the SBCC

Holloman also asserts that Gelb violated his substantive and procedural due process rights as a result of being held in isolated segregation.  He specifically maintains that Gelb violated his due process rights when Gelb denied various grievances.

Although prison officials who punish a pretrial detainee must provide sufficient process, Ford v. Bender, 768 F.3d 15, 27 (1st Cir. 2014), inmates do not have a constitutionally protected right to a grievance procedure. E.g., Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Holloman has not stated a claim against Gelb for violations of his due process.  Gelb cannot be liable under § 1983 for denying his grievances because Holloman is not entitled to any grievance procedures regardless of whether Holloman was afforded sufficient process before being held in isolated segregation.

### 5.   Claims Against Defendants in Their Official Capacities

Holloman sues all defendants in their individual and official capacities.  To the extent he seeks damages under § 1983 against defendants in their official capacities, those claims will be dismissed. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").

### ORDER

For the foregoing reasons, defendants' motion to dismiss (Docket No. 52) is:

1) with respect to the claim of excessive force by defendant Aaron Gill in his individual capacity, **DENIED**;

2) with respect to the claim of failure to intervene by defendants Lieutenant Ferrarra and Frank Maine in their individual capacities, **DENIED**;

3) with respect to the claim of deprivation of meaningful access to the courts by defendant Amy Owens in her individual capacity, **ALLOWED**;

4) with respect to the claim of retaliation by defendant Jeffrey Daigneault in his individual capacity, **ALLOWED**;

5) with respect to the claims of denial of due process by defendant Bruce Gelb in his individual capacity, **ALLOWED**; and

6) with respect to all claims against defendants Aaron Gill, Lieutenant Ferrarra, Frank Maine, Amy Owens, Jeffrey Daigneault and Bruce Gelb in their official capacities, **ALLOWED**.

**So ordered.**


                                        /s/ Nathaniel M. Gorton_____
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated September 22, 2016