United States District Court
District of Massachusetts

| | |
|---|---|
| Tajuan Holloman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 14-12594-NMG |
| Harold Clarke, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM & ORDER

GORTON, J.

Pro se Plaintiff Tajuan Holloman ("Holloman" or "plaintiff) alleges that defendant David Deakin, an Assistant District Attorney in Suffolk County, Massachusetts, ("Deakin or "defendant") violated his substantive and procedural due process rights, as well as his right to equal protection, when Deakin argued in state court that Holloman should not be transferred to the Suffolk County Nashua Street Jail. Deakin's motion to dismiss is now pending before this Court. For the reasons that follow, the motion to dismiss will be allowed.

I. Background

   A. Factual Background

Tajuan Holloman is an inmate currently incarcerated at the Massachusetts Correctional Institution in Shirley, Massachusetts ("MCI-Shirley"). In December, 2010, he was transferred from

Suffolk County Nashua Street Jail ("Nashua Street Jail") to the Massachusetts Correctional Institution in Concord, Massachusetts ("MCI-Concord") as a pretrial detainee.

Holloman contends that the transfer from Nashua Street Jail to MCI-Concord, made pursuant to M.G.L. c. 276 § 52A, was unconstitutional and in violation of Massachusetts law. He maintains that his treatment 1) deprived him of his substantive and procedural due process rights and his right to equal protection under the law and 2) subjected him to "infamous punishment" without having been previously found guilty, in violation of Article 12 of the Massachusetts Declaration of Rights.

Following his transfer to MCI-Concord, plaintiff purportedly began to suffer mental, emotional and physical harm. His alleged symptoms included headaches, high blood pressure, anxiety attacks, heightened pulse, stress and insomnia.

Holloman contacted his attorney and sought to be transferred back to Nashua Street Jail. David Deakin, an Assistant District Attorney for the Suffolk County District Attorney's Office, argued against Holloman's request in state court in or around February, 2011. Deakin's arguments prevailed and plaintiff remained at MCI-Concord.

Plaintiff was eventually transferred to MCI-Shirley in Shirley, Massachusetts, where he is currently incarcerated.

**B.   Procedural History**

In June, 2014, Holloman filed a complaint in this Court against Deakin and 25 co-defendants. All defendants are sued in their official and individual capacities. They are state employees and prison officials allegedly involved in 1) the transfer of plaintiff from Nashua Street Jail to MCI-Concord and/or 2) his treatment as a pretrial detainee. The case was originally assigned to United States District Judge Douglas P. Woodlock but was reassigned to this session in June, 2015, when Judge Woodlock took senior status.

Plaintiff initially listed only Deakin as the named defendant. In November, 2014, plaintiff moved to substitute, as the lead defendant, Harold Clarke ("Clarke"), the Commissioner of the Massachusetts Department of Corrections. Judge Woodlock allowed that motion in April, 2015.

That same month, Judge Woodlock directed plaintiff to show good cause, in writing, why the claims against Deakin and co-defendants Clarke, James Bender, Lois Russo, John Brodbeck, Jorma Maenpaa, James Thornton, Gregory Berdard, Shelley Williams, Seargent Fasoli, Thomas Tocci, Nick Palodian, Brian MacDonald, Michael Rodrigues and f/n/u Wendover should not be dismissed.

In October, 2015, plaintiff responded to that show cause order. He averred, with respect to Deakin's co-defendants, that

1) his claims were preserved by equitable tolling and 2) he pled sufficient facts to state claims against them for, inter alia, cruel and unusual punishment and unlawful denial of his right to access the courts. With respect to Deakin, plaintiff stressed that, although his claims might have been untimely, they were preserved by the principle of equitable tolling. He explained that he was required to exhaust administrative remedies prior to filing his complaint and that he had suffered from a mental health crisis which made it impossible for him to take legal action. He also maintained that he had set forth sufficient facts to survive dismissal for failure to state a claim.

In May, 2016, Deakin moved to dismiss the claims against him pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), contending that this Court lacks subject matter jurisdiction and that plaintiff failed to state a claim upon which relief can be granted. That motion is the subject of this memorandum.

## II. Motion to Dismiss

### A. Legal Standards

#### 1. Fed. R. Civ. P. 12(b)(1) Motion

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). If

the defendant mounts a "sufficiency challenge", the court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

If, however, the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. Id. The court has "broad authority" in conducting the inquiry and can, in its discretion, consider extrinsic evidence in determining its own jurisdiction. Id. at 363-64.

### 2. Fed. R. Civ. P. 12(b)(6) Motion

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the

reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B.  Application**

Deakin avers that the claims against him should be dismissed because 1) he is entitled to prosecutorial immunity, 2) he is entitled to sovereign immunity and 3) plaintiff's claims are time-barred and equitable tolling is not warranted.

Although plaintiff generally responds that equitable tolling applies to all of his claims, he does not address Deakin's other assertions.

**1.  Prosecutorial Immunity**

Prosecutors are afforded two kinds of immunity in suits brought under 28 U.S.C. § 1983: absolute and qualified. Kalina v. Fletcher, 522 U.S. 118, 118 (1997). When performing their

traditional roles as judicial advocates, prosecutors are afforded absolute immunity. Imbler v. Pachtman, 424 U.S. 409, 424 (1976). When engaged in other activity unrelated to advocacy, however, such as serving as a complaining witness, prosecutors are entitled to only qualified immunity. Kalina, 522 U.S. at 129-35. The burden is on the defendant to establish which, if either, immunity applies. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993).

Deakin has met his burden and established that he is entitled to absolute immunity by demonstrating that his actions took place during the scope of his duties as a prosecutor. Plaintiff asserts that he was injured by Deakin's oral argument against his transfer from MCI-Concord to Nashua Street Jail. That conduct, however, falls within Deakin's role as an advocate for the Commonwealth and thus he is immune from suit under § 1983. See Celia v. O'Malley, 918 F.2d 1017, 1019 (1st Cir. 1990) ("[I]n presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." (quoting Imbler, 424 U.S. at 431)).

Plaintiff asserts that Deakin knew or should have known that the initial transfer from Nashua Street Jail to MCI-Concord was unconstitutional. That argument is unavailing, however, because Deakin enjoys absolute immunity when advocating on behalf of the Commonwealth, regardless of his understanding of

the constitutionality of his conduct. See Cignetti v. Healy, 89 F. Supp. 2d 106, 114 (D. Mass. 2000) ("[T]he absolute immunity the defendants enjoy for offering the composite tape into evidence is not defeated by [plaintiff's] allegations that they did so maliciously or in bad-faith because they knew or should have known that the composite tape was fabricated.").

Accordingly, because Deakin enjoys absolute prosecutorial immunity, all claims against him will be dismissed.

**2. Sovereign Immunity and Statute of Limitations**

Deakin also asserts that Holloman's claims against him are barred by the principal of sovereign immunity and the three-year statute of limitations period. The Court declines to address those issues, however, because Deakin has absolute prosecutorial immunity.

**ORDER**

In accordance with the foregoing, the motion by defendant David Deakin to dismiss (Docket No. 106) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 23, 2017