United States District Court
District of Massachusetts

```
_____   )
                                  )
Tajuan Holloman,                  )
                                  )
          Plaintiff,              )
                                  )
          v.                      )      Civil Action No.
                                  )      14-12594-NMG
Harold Clarke, et al.,            )
                                  )
          Defendants.             )
_____   )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves claims brought under 42 U.S.C. § 1983 by an inmate, pro se litigant Tajuan Holloman ("plaintiff") against 26 defendants.  Pending before the Court is 1) plaintiff's motion for a subpoena duces tecum to be served on Fiona DiGiandomenico, a personnel officer for the Department of Corrections ("DOC") and 2) a motion to strike that motion brought by a group of 20 of the defendants ("defendants").

Plaintiff seeks to issue a subpoena duces tecum to discover the proper substitute party for defendants Harold Clarke and James Bender during their absences from positions held with the DOC during all times relevant to his claims.  For the following reasons, plaintiff's motion for a subpoena duces tecum will be denied and defendants' motion to strike will be allowed.

-1-

I.   **Background**

Tajuan Holloman is an inmate currently incarcerated at the
Massachusetts Correctional Institution in Shirley, Massachusetts
("MCI-Shirley").  Holloman's claims arise from events that
occurred while he was a pretrial detainee at the Correctional
Institution in Concord, Massachusetts, and, later, while
detained at MCI-Shirley.

In June, 2014, Holloman filed a complaint in this Court
against 26 defendants.  All defendants are sued in their
official and individual capacities.  They are state employees
and prison officials allegedly involved in 1) the transfer of
plaintiff from the Nashua Street Jail in Boston, Massachusetts,
to MCI-Concord and/or 2) his treatment as a pretrial detainee.
In January, 2016, this Court entered a Memorandum and Order,
dismissing Holloman's claims against Nick Palodian, Thomas Tocci
and f/n/u Wendover relating to interference with legal mail and
denial of access to the courts because Holloman failed to show
good cause why the claims should not be dismissed.  In
September, 2016, this Court dismissed plaintiff's claims against
Bruce Gelb, Amy Owens and Jeffrey Daigneault for failure to
state a claim on which relief can be granted but preserved his
claims for excessive force against Aaron Gill and for failure to
intervene against Lieutenant Ferrarra and Frank Maine.  In

-2-

February, 2017, this Court dismissed all claims against defendant David Deakin.

In July, 2016, plaintiff filed a motion for a subpeona duces tecum on Fiona DiGiandomenico, a personnel officer for the DOC.  The following month, 20 of the defendants filed a joint motion to strike that motion.[1]  These motions are the subjects of this memorandum.

## II.  Plaintiff's Motion for a Subpoena Duces Tecum and Defendant's Motion to Strike

### A.  Legal Standards

#### 1.  Subpoena Duces Tecum

A subpoena duces tecum issued to a non-party, pursuant to Fed. R. Civ. P. 45, is subject to the "relevance" requirement of Fed. R. Civ. P. 26(b)(1).  EEOC v. Tex. Roadhouse, Inc., 303 F.R.D. 1, 2 (D. Mass. 2014).  Accordingly, courts must "balance the burden of proposed discovery against the likely benefit".  Gill v. Gulfstream Park Racing Ass'n, Inc., 399 F.3d 991, 400 (1st Cir. 2005).  Factors include plaintiff's need for the

---

[1] Two of the defendants, Bruce Gelb and Amy Owens, have since been dismissed from this action.  The remaining defendants who brought this pending motion are James Bender, Gregory A. Berdard, John Brodbeck, Harold Clarke, Sergeant Fasoli, Thomas Fedel, Lieutenant Ferrara, Aaron Gill, Brian MacDonald, Jorma Maenpaa, Frank Maine, Anthony Mendosa, Micheal Rodrigues, Lois Russo, Luis Spencer, James C. Thornton and Shelley Williams.

information and "the availability of other means of obtaining
it". Tex. Roadhouse, 303 F.R.D. at 2.

### 2.    Substitution of Parties

Fed. R. Civ. P. 25(d) provides for the automatic
substitution of parties sued in their official capacities when
they no longer hold their positions. See, e.g., Visiting Nurse
Ass'n Gregoria Auffant, Inc. v. Thompson, 447 F.3d 68, 71 n.2
(1st Cir. 2006) (substituting the former Secretary of Health and
Human Services, Tommy G. Thompson, for the then-current
Secretary, Michael O. Leavitt, pursuant to Fed. R. Civ. P.
25(d)).  Such substitution occurs with or without an order from
the Court. Fed. R. Civ. P. 25(d).

### B.    Application

Plaintiff filed his motion for a subpoena duces tecum on
Fiona DiGiandomenico to determine the names of the Commissioner
and Deputy Commissioner of the DOC at the times relevant to his
suit.  That information, according to plaintiff, will allow him
to substitute the proper individuals for now-dismissed parties
in the instant action.  Defendants responded with a motion to
strike, contending that Rule 25(d) resolves substitution issues
with respect to individuals sued in their official capacities.
Defendants also maintain that total substitution is not proper
in this case and plaintiff should not be allowed to require a

-4-

non-party to provide names of individuals knowing that could subject them to liability.

To the extent plaintiff seeks the names of the Commissioner and Deputy Commissioner of the Department of Corrections in order to sue them in their official capacities, a subpoena is unnecessary. Fed. R. Civ. P. 25(d); see also Visiting Nurse Ass'n, 447 F.3d at 71 n.2.  Upon leaving their official posts, the previously named individuals will be automatically replaced as defendants by their duly appointed successors.  Such substitution provides plaintiff with another, simpler means of obtaining the names of the Commissioner and Deputy Commissioner. Texas Roadhouse, 303 F.R.D. at 2.

Moreover, defendants' contention that total substitution is improper is well taken.  If plaintiff is seeking the names of individuals to substitute them for current parties in their individual capacities, plaintiff would be acting contrary to this Court's Order dated June 30, 2016, which denied without prejudice his motion to substitute parties.

Accordingly, the Court will deny plaintiff's motion for a subpoena duces tecum and will allow defendants' motion to strike.

**ORDER**

For the foregoing reasons,

1)    plaintiff's motion for a subpoena <u>duces</u> <u>tecum</u> to be
      served on Fiona Digiandomenico (Docket No. 123) is
      **DENIED** and

2)    defendants' motion to strike (Docket No. 124) is
      **ALLOWED**.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated February 28, 2017