## United States District Court
### District of Massachusetts

|  |  |  |
|---|---|---|
| Tajuan Holloman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 14-12594-NMG |
| Harold Clarke, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM & ORDER

**GORTON, J.**

This case involves claims brought pursuant to 42 U.S.C. § 1983 by Tajuan Holloman ("plaintiff"), a pro se litigant, against 26 defendants.  Pending before the Court are 1) defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) brought by 14 Department of Correction ("DOC") defendants and 2) a motion to strike affidavits attached in support of plaintiff's opposition to that motion.  For the following reasons, the motions will be allowed.

## I.  **Background**

Tajaun Holloman is an inmate currently incarcerated at the Massachusetts Correctional Institution in Shirley, Massachusetts ("MCI-Shirley").  Holloman's claims arise from alleged misconduct while he was a pretrial detainee at the Massachusetts Correctional Institution in Concord, Massachusetts ("MCI-

Concord") and, later, at the Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts.

In May, 2016, 14 of the defendants, namely, Harold Clarke ("Clarke"), James Bender ("Bender"), Lois Russo (Russo"), John Brodbeck ("Brodbeck"), Jorma Maenpaa ("Maenpaa"), Brian McDonald ("MacDonald"), Sergeant Fasoli ("Fasoli"), Michael Rodrigues ("Rodrigues"), Gregory Bedard ("Bedard"), James Thornton ("Thornton"), Shelley Williams ("Williams"), Anthony Mendosa ("Mendosa"), Luis Spencer ("Spencer") and Thomas Fedel ("Fedel") (collectively "defendants"), filed a motion to dismiss the claims against them for failure to state a claim upon which relief can be granted.  They also filed a motion, along with their co-defendants, to strike affidavits attached in support of plaintiff's opposition to their motion to dismiss.  These motions are the subject matter of this memorandum.

The facts underlying this case were summarized extensively in prior orders of this Court and will not be repeated here. Instead, the Court will assume familiarity with that record and will incorporate and/or supplement additional facts where necessary.

## II.  Motion to Strike Affidavits Attached in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss

### A.  Legal Standard

A motion to strike affidavits in whole or in part is governed by Fed. R. Civ. P. 12(f).  Rule 12(f) allows the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Motions brought under Rule 12(f) are disfavored and seldom "granted without a showing of prejudice to the moving party." Sheffield v. City of Boston, No. 15-14174, 2016 WL 6496432, at *1 (D. Mass. Oct. 28, 2016).

When faced with "repetitious and unnecessary pleadings," however, courts have "considerable discretion" to allow 12(f) motions. Zurich Am. Ins. Co. v. Watts Regulator Co., 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (quoting In re Feeley, 393 B.R. 43 (Bankr. D. Mass. 2008)).  Rule 12(f) may be applied to affidavits in support of pleadings when confronted with a motion to dismiss. Gauthier v. United States, No. 4:10-40116, 2011 WL 3902770, at *11 (D. Mass. Sept. 2, 2011) (citing Pigford v. Veneman, 225 F.R.D. 54, 58 n.8 (D.D.C. 2005)).

Specifically, courts may strike pleadings that include inadmissible hearsay or lack of personal knowledge under Rule 12(f). See Brookfield Mach., Inc. v. Calbrit Design, 929 F. Supp. 491, 496-97 (D. Mass. 1996) (allowing, in part, motion to strike portions of affidavits that constituted hearsay and

-3-

contained information of which the affiant had no personal
knowledge).

### B.   Application

Plaintiff submitted his own affidavit and five affidavits
of fellow inmates in support of his opposition to the motion of
the 14 DOC defendants to dismiss.  In response, defendants moved
to strike 1) the affidavits of the five inmates in their
entirety and 2) the portion of plaintiff's affidavit discussing
his claimed mental illness because those affidavits contain
hearsay and are not based upon the affiants' personal knowledge.
That motion is unopposed.

Those affidavits are considered part of the pleadings and
thus Rule 12(f) applies. See Gauthier, 2011 WL 3902770, at *11.
Plaintiff properly alleges in his complaint the purported harms,
mental illness and legal assistance described in the affidavits.
Therefore, the affidavits of the five inmates as well as the
portion of plaintiff's affidavit discussing his claimed mental
illness, are redundant within the meaning of Rule 12(f).  For
that reason and because the motion is unopposed, the affidavits
will be stricken. See Sheffield, 2016 WL 6496432, at *2-3.

### III. **Motion to Dismiss**

### A.   Legal Standard

To survive a motion to dismiss for failure to state a claim
under Fed. R. Civ. P. 12(b)(6), a complaint must contain

"sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio Hernandez v. Fortuno Burset, 640 F.3d 1, 12 (1st Cir. 2011).  A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011); Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33-34 (1st Cir. 2001) (excluding opposition memorandum and supporting materials unless they are undisputed by the parties or the motion is converted to summary judgment).

### B.   Application

#### 1.   Equitable Tolling

As a threshold matter, the Court will determine whether plaintiff's time-barred claims are preserved by the principle of equitable tolling.

Plaintiff filed the instant complaint on June 9, 2014 but the complaint alleges harm that occurred as early as December, 2010.  Defendants assert that the three-year statute of limitations for all claims prior to June 9, 2011 expired before plaintiff filed his complaint and, thus, must be dismissed. Plaintiff acknowledges that the statute of limitations expired for those claims but contends that he is entitled to equitable tolling due to mental illness.

Holloman avers that equitable tolling should apply because he was experiencing mental and emotional distress brought on by his unconstitutional treatment as a pretrial detainee.  To support that assertion, he alleges facts in his complaint and submits medical records.  Defendants respond that the severity of plaintiff's illness was insufficient to toll the statute of limitations because Holloman continued to file, pro se, claims in his criminal case during that time.  Plaintiff disputes that contention and claims that a friend filed those claims on his behalf.

Equitable tolling is available only in "exceptional circumstances." <u>Vistamar, Inc.</u> v. <u>Fagundo-Fagundo</u>, 430 F.3d 66, 71 (1st Cir. 2005).  The First Circuit Court of Appeals has not, however, yet determined whether federal or state equitable tolling principles apply. <u>Id.</u> at 71-72.  Equitable tolling may, however, be applied to § 1983 claims "sparingly" in circumstances of extraordinary mental health distress. <u>See</u> <u>Nunnally</u> v. <u>MacCausland</u>, 996 F.2d 1, 4, 5-6 (1st Cir. 1993) (quoting <u>Irwin</u> v. <u>Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990)).  Such distress must be

> so severe that the plaintiff was unable to engage in rational thought and deliberate decision making sufficient to pursue [his] claim alone or through counsel.

<u>Melendez-Arroyo</u> v. <u>Cutler-Hammer de P.R. Co.</u>, 273 F.3d 30, 37 (1st Cir. 2001) (internal citations omitted)(quoting <u>Nunnally</u>, 996 F.2d at 5).  "[S]evere depression is not enough." <u>Id.</u> at 38.  Assistance of counsel in a separate action may also weigh against equitable tolling. <u>See</u> <u>Lopez</u> v. <u>Citibank, N.A.</u>, 808 F.2d 905, 907 (1st Cir. 1987).

Although plaintiff demonstrates that he suffered from mental and emotional distress, he fails to satisfy the "heavy burden" required to toll his claims. <u>Vazquez-Rivera</u> v. <u>Figueroa</u>, 759 F.3d 44, 50 (1st Cir. 2014).  Plaintiff's medical records do not demonstrate severe impairment or inability to perform basic

functions. <u>See Melendez-Arroyo</u>, 273 F.3d at 38.  Moreover, his complaint only supplements those records with conclusory statements.  His ability to file pleadings <u>pro se</u> in his criminal case even with assistance of a friend supports defendants' assertion that he maintained the capacity, if limited, to manage his legal affairs. <u>See Lopez</u>, 808 F.2d at 907.

Accordingly, the Court concludes that equitable tolling is not applicable to plaintiffs' claims against the 14 DOC defendants for harms that occurred prior to June 9, 2011.

### 2.   Plaintiff's Voluntary Dismissal of Defendants James Bender, Harold Clarke and Sergeant Fasoli

Plaintiff asks the Court to dismiss defendants Bender, Clarke and Fasoli.  The Court will treat that request as a motion to dismiss defendants Bender, Clarke and Fasoli and that motion will be allowed.

### 3.   Defendants Gregory A. Bedard, James C. Thornton and Shelley Williams

Holloman contends defendants Bedard, Thornton and Williams violated his substantive and procedural due process rights. They respond that the complaint fails to state a claim upon which relief can be granted against them because it does not include a single fact to support that allegation.  The Court agrees.  The claims against defendants Bedard, Thornton and

Williams will therefore be dismissed. See Ashcroft, 556 U.S. at 667 (quoting Bell Atl., 550 U.S. at 570).

### 4.    Defendants John Brodbeck, Jorma Maenpaa and Lois Russo

Holloman alleges that defendants Brodbeck, Maenpaa and Russo knowingly subjected him to punitive isolation while he was a pretrial detainee, in violation of his constitutional due process and equal protection rights.  Defendants maintain that plaintiff fails to allege specific facts against them by simply contending that they knew or should have known that the actions against Holloman created a risk of constitutional violations. That single allegation against Brodbeck, Maenpaa and Russo fails to state a claim upon which relief can be granted because it is conclusory and lacks specific facts. See id.

Defendants also assert that plaintiff's claims are time-barred because they occurred in December, 2010.  Thus, even if the pleadings sufficiently stated a claim against Broadbeck, Maenpaa and Russo, they would be time-barred for the reasons explained above. See Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam) (dismissing prisoner's § 1983 claims as time-barred).

Accordingly, the claims against defendants Brodbeck, Maenpaa and Russo will be dismissed.

### 5.    Defendant Thomas Fedel

Holloman avers that defendant Fedel violated his constitutional substantive and procedural due process rights by denying his request for a continuance of his disciplinary hearing and by ruling arbitrarily.  Fedel responds that plaintiff's specific allegations against him constitute a challenge to a prison disciplinary proceeding and are, therefore, outside the jurisdiction of this Court.

Although Holloman disputes Fedel's interpretation, the Court can only review what is alleged in the complaint. Alt. Energy, Inc., 267 F.3d at 33-34.  Here, with respect to the allegations against Fedel, Holloman is challenging a prison disciplinary proceeding and thus this Court is not the appropriate forum. See M.G.L. c. 249, § 4.  Accordingly, the claims against Defendant Fedel will be dismissed.

### 6.    Defendants Brian MacDonald and Michael Rodrigues

Holloman contends that defendants MacDonald and Rodrigues violated his Fourteenth Amendment due process rights by confining him to segregation and isolation as a pretrial detainee.  Plaintiff specifically maintains that they violated his due process rights when they did not respond to his grievance.  MacDonald and Rodrigues assert that the facts alleged in the complaint do not state a claim upon which relief can be granted.

-10-

Although prison officials who punish a pretrial detainee must provide sufficient process, Ford v. Bender, 768 F.3d 15, 27 (1st Cir. 2014), inmates do not have a constitutionally protected right to a grievance procedure. E.g., Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Holloman has not stated a claim against MacDonald or Rodriques for violations of his due process rights.  MacDonald and Rodriques cannot be liable under § 1983 for denying his grievances because Holloman is not entitled to any grievance procedures regardless of whether he was afforded sufficient process before being confined in isolated segregation. Therefore, the claims against defendants MacDonald and Rodrigues will be dismissed.

### 7.  Defendant Anthony Mendosa

Holloman alleges that defendant Mendosa violated plaintiff's substantive due process rights and his right to meaningful access to the courts.

### i.  Housing claims

First, because equitable tolling does not apply to Holloman's claims, his allegations against Mendosa with respect to the December, 2010 housing situation will be dismissed as time-barred. See Street, 936 F.2d at 39.

With respect to the allegations describing plaintiff's December, 2011 housing claim, the parties dispute whether the disciplinary actions taken when plaintiff refused a transfer to a unit shared by a sentenced inmate violated his substantive and procedural due process rights.  The disciplinary actions were loss of contact visits and segregated isolation.

Inmates do not have a protected liberty interest in contact visitations. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989).  Therefore, although Holloman purportedly lost the opportunity to have contact with visitors, he fails to allege a claim upon which relief can be granted. See id. at 461.

Holloman also alleges that Mendosa violated his due process rights because Mendosa "ignored, denied, and rejected" his complaints about being transferred to isolated segregation. Although prison officials who punish a pretrial detainee must provide sufficient process, Ford v. Bender, 768 F.3d 15, 27 (1st Cir. 2014), inmates do not have a constitutionally protected right to a grievance procedure. E.g., Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Thus, Holloman has not stated a claim against Mendosa for violations of his due process rights because Holloman is not entitled to any grievance procedures regardless of whether he

was afforded sufficient process before being confined in
isolated segregation.

### ii.  Claims of meaningful access to the courts

Inmates have a constitutional right of access to the courts
and indigent inmates have a right to free postage for certain
legal documents. See Bounds v. Smith, 430 U.S. 817, 824-25
(1977). To state a constitutional claim for denial of access to
the courts, plaintiff must identify a policy or practice that
denies inmates meaningful access to the courts and allege that
the policy or practice hindered plaintiff from pursuing a legal
claim. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).

Holloman fails to state a claim for a denial of meaningful
access to the courts against Mendosa because he does not allege
any facts describing a policy, practice or harm.  See Gaskins v.
Dickhaut, 881 F. Supp. 2d 223, 225 (D. Mass. 2012).

Accordingly, all claims against Mendosa will be dismissed.

### 8.  Defendant Luis Spencer

Holloman's claims against defendant Luis Spencer will be
dismissed for the same reasons described above with respect to
the claims against Mendosa.

First, Holloman merely alleges that Spencer violated his
due process rights when Spencer "reject[ed], "den[ied], and
"refus[ed]" his complaint about Mendosa.  As explained above,

-13-

Spencer is not liable under § 1983 for denying Holloman's grievances.

Second, as against Mendosa, Holloman does not allege any facts against Spencer with respect to policy or practice or harm.  Accordingly, Holloman does not state a claim upon which relief can be granted for denial of access to the courts against Spencer. See Gaskins, 881 F. Supp. 2d at 225.

### 9.  Claims Against Defendants in Their Official Capacities

Holloman sues all defendants in their individual and official capacities.  To the extent he seeks damages under § 1983 against defendants in their official capacities, those claims will be dismissed. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").

### 10.  Constitutionality of M.G.L. c. 276, § 52A

Finally, Holloman challenges the constitutionality of M.G.L. c. 276, § 52A under both the United States Constitution and the Constitution of the Commonwealth of Massachusetts. Section 52A permits the transfer of a pretrial detainee from county jail to a state correctional institution if the detainee has previously resided in such a facility while serving a Massachusetts felony sentence.

In his preliminary screening of the case, United States District Judge Douglas P. Woodlock explained that Holloman's challenge to § 52 was "subject to dismissal as untimely" if equitable tolling did not apply. Holloman v. Clarke, No. 14-12594, 2015 WL 1735074, at *7 (D. Mass. Apr. 15, 2015).  Because this Court has concluded that Holloman's claims are not preserved by equitable tolling, his challenges to § 52A will be dismissed.

## ORDER

For the foregoing reasons,

1)   defendants' joint motion to strike affidavits attached in support of plaintiff's opposition to defendant's motion to dismiss (Docket No. 133) is **ALLOWED** and

2)   defendants' joint motion to dismiss (Docket No. 100) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 23, 2017